**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| IN RE FIFTH THIRD BANCORP DERIVATIVE LITIGATION | Case No. 1:20-cv-4115<br><br>District Judge Sara L. Ellis |

**JOINT INITIAL STATUS REPORT**

1.    **Nature of the Case**

      **(a)    Attorneys of Record**

      Plaintiffs are represented by the following attorneys:

Phillip Kim (Co-Lead Counsel)
The Rosen Law Firm, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
Email: pkim@rosenlegal.com

Timothy Brown (Co-Lead Counsel)
The Brown Law Firm, P.C,
240 Townsend Square
Oyster Bay, NY 11771
Email: tbrown@thebrownlawfirm.net

Matthew T. Heffner (Liaison Counsel)
Matthew T. Hurst (Liaison Counsel)
Heffner Hurst
30 North LaSalle Street, Suite 1210
Chicago, IL 60602
Email: mheffner@heffnerhurst.com
Email: mhurst@heffnerhurst.com

Christopher M. Lash
Faruqi & Faruqi, LLP
1617 JFK Boulevard, Suite 1550
Philadelphia, PA 19103
Email: clash@faruqilaw.com
Counsel for Plaintiffs William Cox and
Merrill Dill

Nina Varindani
Faruqi & Faruqi, LLP
685 Third Avenue, 26th Floor
New York, NY 10017
Email: nvarindani@faruqilaw.com
Counsel for Plaintiffs William Cox and
Merrill Dill

Kyle Alan Shamberg
Carlson Lynch, LLP.
111 West Washington Street, Suite 1240
Chicago, IL 60602
Email: kshamberg@carlsonlynch.com
Counsel for Plaintiffs William Cox and
Merrill Dill

Daniel O. Herrera
Cafferty Clobes Meriwether & Sprengel LLP
150 South Wacker Drive, Suite 3000
Chicago, IL 60606
Email: dherrera@caffertyclobes.com
Counsel for Plaintiff Peter Hansen

Defendants are represented by the following attorneys:

Charles F. Smith, Jr. (Lead Trial Attorney)
Marcella Louise Lape
Katherine Fletcher Morgan
Elizabeth Ann Simon
Daniel James Scime
Skadden Arps Slate Meagher & Flom, LLP
155 North Wacker Drive
Suite 2700
Chicago, IL 60606-1720
(312) 407-0700
Email: cfsmith@skadden.com
        marcella.lape@skadden.com
        katherine.morgan@skadden.com
        elizabeth.simon@skadden.com
        daniel.scime@skadden.com

### (b)    Nature of the Claims

This is a consolidated shareholder derivative action brought on behalf of nominal

defendant Fifth Third Bancorp ("Fifth Third") against certain directors and officers of Fifth

Third. Four cases have been consolidated into *In re Fifth Third Bancorp Derivative Litigation*:

(i) *Pemberton v. Carmichael*, Case No. 20-cv-4115; (ii) *Meyer v. Carmichael*, Case No. 20-cv-

4244; (iii) *Cox v. Carmichael*, Case No. 20-cv-4660, and (iv) *Hansen v. Carmichael*, Case No.

20-cv-5339.  The Court appointed The Rosen Law Firm, P.A. and the Brown Law Firm, P.C. as

co-lead counsel and Heffner Hurst as liaison counsel for Plaintiffs in the consolidated action. The

Plaintiffs have not yet filed a consolidated complaint.

The complaints generally allege that certain directors and officers of Fifth Third Bancorp

breached their fiduciary duties, were unjustly enriched, wasted corporate assets, and violated

various provisions of the Securities Exchange Act of 1934 ("Exchange Act") and regulations promulgated thereunder because Defendants allegedly knew since at least 2008 that Fifth Third's sales strategies incentivized employees to engage in unauthorized account activity, but they covered it up by making public statements supporting the bank's robust compliance policies and internal controls. The derivative complaints follow a March 2020 lawsuit brought by the Consumer Financial Protection Bureau against Fifth Third Bank asserting that it violated various federal laws in connection with the unauthorized account activity. There are no counterclaims or third party claims.

### (c) Major Legal and Factual Issues

Major legal issues in this case include whether Plaintiffs have met their burden to excuse pre-suit demand on the Fifth Third Board of Directors; whether Plaintiffs otherwise state a claim for relief; whether Defendants breached their fiduciary duties to Fifth Third; whether Defendants were unjustly enriched; whether Defendants violated and/or caused Fifth Third to violate the Exchange Act and regulations promulgated thereunder; whether Defendants caused Fifth Third Bank to violate the Consumer Financial Protection Act of 2010, the Truth in Lending Act, and the Truth in Savings Act, and their implementing regulations; and whether Fifth Third suffered any damages as a result of the alleged violations.

Major factual issues include whether Fifth Third failed to institute sufficient internal controls to prevent employees from making unauthorized changes to customer accounts, and whether Fifth Third made materially false or misleading public statements, including in SEC filings regarding its business operations, compliance programs, and heightened risk of regulatory scrutiny.

**(d)** **Relief Sought**

Plaintiffs seek damages and restitution for Fifth Third; an order directing Fifth Third and

the director and officer defendants to institute certain governance reforms; and an award of

attorneys' fees, expert fees, and costs.

**2.** **Jurisdiction**

There is federal question jurisdiction because there are Exchange Act claims made in this

consolidated action and state law claims asserted in this consolidated action arising under Ohio

corporate law that are based substantially on claims for violations of federal law made in in the

related actions pending in this Court captioned *Heavy & General Laborers' Local 472 & 172*

*Pension and Annuity Funds v. Fifth Third Bancorp, et al.*, Case No. 20-cv-02176 ("Securities

Class Action") and *Bureau of Consumer Financial Protection v. Fifth Third Bank, National*

*Association*, Case No. 1:20-cv-01683 ("Consumer Financial Protection Bureau Action").

There is supplemental jurisdiction over the state law claims arising under Ohio corporate

law by virtue of its federal question jurisdiction over related claims arising under the Exchange

Act.

**3.** **Status of Service**

All defendants have been served.

**4.** **Consent to Proceed Before a United States Magistrate Judge**

The parties do not unanimously consent to proceed before a Magistrate Judge.

**5.** **Motions**

There are no pending motions at this time.

Pursuant to this Court's previous orders and Party submissions (Dkt. Nos. 16, 19, 24, 35),

the Parties are required to propose a briefing schedule on or before Monday, October 5, 2020,

which, if adopted, sets a date for Plaintiffs to file a consolidated amended complaint, as well as a

briefing schedule for Defendants to file their anticipated motion to dismiss. Additionally, pursuant to an August 25, 2020 Books and Record Demand sent to Fifth Third by Co-Lead Counsel Phillip Kim, Fifth Third has agreed to produce certain records to Plaintiffs, subject to the completion of a confidentiality agreement, which is currently being negotiated. Fifth Third anticipates that it will be able to produce the documents to Plaintiffs by October 16, 2020. Based on this assumption, the Parties propose the following schedule:

| | |
|---|---|
| Deadline for Plaintiffs to File Consolidated Complaint | December 15, 2020 |
| Deadline for Defendants to File Motion to Dismiss | February 12, 2021 |
| Deadline for Plaintiffs to Respond to Motion to Dismiss | April 13, 2021 |
| Deadline for Defendants to File Reply in Support of Motion to Dismiss | May 13, 2021 |

In the event production is delayed, the Parties may need to jointly move to revise the schedule.

**6.      Case Plan**

This case is not subject to the Mandatory Initial Discovery Pilot Project. The Parties have agreed to a stay of discovery pending resolution of Defendants' anticipated motion(s) to dismiss. If Defendants' motion(s) to dismiss are denied, the Parties will meet and confer regarding the scope and schedule for discovery, including the dates for (i) the exchange of Rule 26(a)(1) disclosures; (ii) the issuance of written discovery; (iii) the completion of fact discovery; (iv) the completion of expert discovery; and (v) the filing of dispositive motions.

The Plaintiffs have requested a jury trial. The Parties estimate that a trial would last approximately 2 weeks.

**7.      Status of Settlement Discussions**

The Parties have not engaged in settlement discussions and do not request a settlement conference at this time.

Respectfully submitted,

/s/    *Matthew T. Hurst*
Matthew T. Heffner
Matthew T. Hurst
HEFFNER HURST
30 North LaSalle Street, 12th Floor
Chicago, IL 60602
Tel: (312) 346-3466
Fax: (312) 346-2829
Email: mheffner@heffnerhurst.com
Email: mhurst@heffnerhurst.com

*Liaison Counsel for Plaintiffs*

THE ROSEN LAW FIRM, P.A.
Phillip Kim (pro hac vice)
275 Madison Avenue, 40th Floor
New York, New York 10016
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com

*Co-Lead Counsel for Plaintiffs*

THE BROWN LAW FIRM, P.C.
Timothy Brown (pro hac vice)
240 Townsend Square
Oyster Bay, New York 11771
Tel: (516) 922-5427
Fax: (516) 344-6204
Email: tbrown@thebrownlawfirm.net

*Co-Lead Counsel for Plaintiffs*

/s/    *Marcella L. Lape*
Charles F. Smith
Marcella L. Lape
Katherine F. Morgan
Daniel J. Scime
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
155 N. Wacker Drive
Chicago, IL 60606
(312) 407-0700
marcie.lape@skadden.com

Of Counsel:

Theodore N. Mirvis
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
(212) 403-1204
TNMirvis@WLRK.com

*Attorneys for Defendants*

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a copy of the foregoing Joint Initial Status

Report was filed on October 1, 2020, with the Clerk of Court using the CM/ECF system, which

will effect electronic service on all parties and attorneys registered to receive notifications via the

CM/ECF system.


*/s/ Marcella L. Lape*
Marcella L. Lape
Skadden, Arps, Slate, Meagher & Flom LLP
155 N. Wacker Drive, Suite 2700
Chicago, IL 60606
(312) 407-0700
marcie.lape@skadden.com

*Counsel for Defendants*